BarNet, Judge,
reviewing the facts found to be established, delivered the opinion of the court:
The plaintiff was on the 18th day of May, 1908, placed on the retired list of officers of the Marine Corps with the rank of major. On the 19th day of May, 1914, the following order was issued to the plaintiff by the commandant of the Marine Corps:
“The Secretary of the Navy, in compliance with your own request, having authorized your employment on active duty, you will report to the commandant of the navy yard, Philadelphia, Pa., and to the commanding officer of the marine barracks for duty as post quartermaster.
“ BARNETT.”
The plaintiff immediately reported for duty under said order, and served thereunder until October 15,1914. During a portion of said time he was assigned to duty and served both as judge advocate and member of a general court-martial. He was paid the active-duty pay of a major during the time he was on active duty as above stated. Afterwards, by decision of the Comptroller of the Treasury, he was partially checked the difference between his active-duty pay and retired pay during said time, only allowing him to retain such active-duty pay for the time he was serving as judge advocate or on court-martial. The amount so checked against him was $405.70, and- this suit is brought to recover that sum.
The decision of this suit depends upon the construction to be given to the following statutes, all of which are believed to have a bearing upon the questions involved:
Revised Statutes, section 1612:
“The officers of the Marine Corps shall be entitled to receive the same pay and allowances, and the enlisted men ■shall be entitled to receive the same pay and bounty for reenlisting, as are or may be provided by or in pursuance of law for the officers and enlisted men of like grades in the Infantry of the Army.”
Revised Statutes, section 1621:
“The Marine Corps shall at all times be subject to the laws and regulations established for the government of the *283 Navy, except when detached for service with the Army by order of the President, and when so detached they shall be subject to the Rules and Articles of War prescribed for the government of the Army.”
Revised Statutes, section 1622:
“ The commissioned officers of the Marine Corps shall be retired in like cases, in the same manner, and with the same relative conditions, in all respects, as are provided for officers of the Army, except as is otherwise provided in the next section.”
Act of April 23, 1904, 33 Stat. L., 264:
“And the Secretary of War may assign retired officers of the Army, with their consent, to active duty in recruiting, for service in connection with the Organized Militia in the several States and Territories upon the request of the governor thereof, as military attaches, upon courts-martial, courts of inquiry and boards, and to staff duties not involving service with troops; and such officers while so assigned shall receive the full pay and allowances of their respective grades.”
Act of August 22,1912, 37 Stat. L., 329:
“ Hereafter any naval officer on the retired list may, with his consent, in the discretion of the Secretary of the Navy, be ordered to such duty as he may be able to perform at sea or on shore, and while so employed in time of peace shall receive the pay and allowances of an officer of the active list of the same rank: Provided, That no such retired officer so employed on active duty shall receive, in time of peace, any greater pay and allowances than the pay and allowances which' are now or may hereafter be provided by law for a lieutenant senior grade on the active list of like length of service: And provided further, That any such officer whose retired pay exceeds the highest pay and allowances of the grade of lieutenant senior grade shall, while so employed in time of peace, receive his retired pay only, in lieu of all other pay and allowances.”
A perusal of the above statutes will indicate the somewhat anomalous position occupied by the Marine Corps in the military service. It looks to the Army statutes for its rate of pay and to the Navy for its laws and regulations except where detached for service with the Army, and the same uncertainty as to its position runs all through the. statutes *284 relating to the Army and Navy. Notwithstanding this fact, in the construction of these statutes we must keep in mind the further and perhaps superior fact that, generally speaking, and as its name indicates, the Marine Corps is a part of the Navy. It is that part of the Navy which may upon occasion become a part of the Army. The courts have kept this fact in mind in the construction of other statutes relating to the military service. In Elliott v. Harris, 24 App. D. C., 11, it was held that enlistments in the Marine Corps are governed by sections 1418 and 1419 of the Revised Statutes relating to the enlistment of boys “ to serve in the Navy,” and prohibiting the enlistment of certain others “ for the naval service.”
In United States v. Dunn, 120 U. S., 249, the question involved was whether service in the Marine Corps was such as to bring an officer of the Navy who had previously served in the Marine Corps within a provision of law allowing longevity pay for service “in the Regular or Volunteer Army or Navy or both.” It was there held that it did, and in the course of the opinion Mr. Justice Miller said:
“The Marine Corps is a military body designed to perform military services; and while they are not necessarily performed on board ships, their active service in time of war is chiefly in the Navy, and accompanying or aiding naval expeditions. In time- of peace they are located in navy yards mainly, although occasionally they may be used in forts and arsenals belonging more immediately to the Army. The statutes of the United States, in prescribing the duties which they may be required to perform, have not been very clear in any expression which goes to show how far these services are to be rendered under the control of the officers of the Navy or of the Army. It is clear that they may be ordered to service in either branch; but we are of opinion that, taking all these statutes and the practice of the Government together, they are a military body, primarily belonging to the Navy, and under the control of the head of the naval department, with liability to be ordered to service in connection with the Army, and in that case under the command of Army officers. * * *
“It seems to us that these provisions of the Revised Statutes, bringing together the enactments of Congress on the subject of the Marine Corps, show that the primary position *285 of that body in the .military service is that of a part of the Navy, and its chief control is placed under the Secretary of the Navy, there being exceptions, when it may, by order of the President, or some one having proper authority, be placed more immediately, for temporary duty, with the Army, and under the command of the superior Army officers.” Id., 252-254.
Section 1622, sufra, provides for the retirement of commissioned officers of the Marine Corps and says that they “shall be retired in like cases, in the same manner, and with the same relative conditions in all respects as are provided for officers of the Army.” These “conditions” unquestionably are conditions precedent to retiring and not conditions subsequent. It is simply a provision that a commissioned officer of the Marine Corps is entitled to the same right of retirement as an officer of the Army. When so retired he is a retired officer of the Marine Corps “subject to the laws and regulations established for the government of the Navy.” R. S., 1621.
Section 1622 simply provides for the conditions precedent to the retirement of an officer of the Marine Corps, but in no way changes the jurisdiction to which he is subject or the conditions under which he may again be placed upon active duty.
The act of June 7, 1900, 81 Stat. L., 703, provided as follows :
“During a period of twelve years from the passage of this act any naval officer on the retired list may, in the discretion of the Secretary of the Navy, be ordered to such duty as he may be able to perform at sea or on shore, and while so employed shall receive the pay and allowances of an officer of the active list of the grade from which he was retired.”
During the life of this statute the Secretary of the Navy detailed retired officers of the Marine Corps to active duty, and his right to do so seems never to have been questioned. And during the interim between the expiration of this statute by limitation and its substantial reenactment by the act of August 22, 1912, supra, neither retired naval nor marine officers were employed on active duty. After the enactment *286 of the latter statute the Secretary of the Navy renewed the practice followed under the former statute. This substantial reenactment of this statute by Congress was indicative of legislative approval of the departmental construction of the same as stated.
The Russel case, 40 C. Cls., did not decide the question here presented. Russel was a retired marine officer who had been placed on active duty by the Secretary of the Navy as in the instant case, and the accounting officers had refused to pay him anything more than his retired-pay. The sole contention of the Government in that case was that there was no authority in law authorizing the assignment to active duty of retired marine officers. The question of the effect of section 1621 was not raised by either party, and the plaintiff relied upon section 1612 for the rate of pay and section 1622 for the authority of the Secretary of the Navy to make the detail. The only question involved or decided was whether there was any authority anywhere to make such detail, and the result would have been the same whether such authority was based upon section 1621 or 1622. If that question had been presented and argued to the court, we have no doubt such authority would have been based upon section 1621.
If we apply the reasoning and principles here enunciated to the instant case, when the plaintiff was put upon the retired list, he was subject to the orders of die Secretary of the Navy, within the statutory conditions, and came within the provisions of the act of August 22, 1912, supra, and not the act of April 23,1904, supra. The Secretary of the Navy exercised his authority properly under the act referred to when he assigned the plaintiff to duty as post quartermaster at the navy yard, Philadelphia, Pa., and upon such assignment he became entitled to the pay and allowances therein provided for.
It follows from the foregoing that the plaintiff is entitled to a judgment in the sum of $405.70.
All concur.